Adam P. Segal, Esq.
Nevada Bar No. 6120
Christopher M. Humes, Esq.
Nevada Bar No. 12782
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: (702) 382-2101
Facsimile: (702) 382-8135
Email: asegal@bhfs.com
Email: chumes@bhfs.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE ELECTRICAL WORKERS PENSION TRUST, and ELECTRICAL WORKERS PENSION TRUST<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL SECURITY TECHNOLOGIES, LLC, a foreign limited liability company,<br><br>Defendant. | Case No. 2:21-cv-00062-GMN-BNW<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs allege:

## JURISDICTION AND VENUE

1. The claim at issue in this Complaint presents a present, actual, and justiciable controversy arising under federal law.

2. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). Under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), specifically at 29

U.S.C. § 1401(b)(1), this Court has subject matter jurisdiction to enforce a pension benefit plan's collection of withdrawal liability assessed against an employer when an arbitration has not been timely initiated. In addition, the Court has authority to provide the relief Plaintiffs seek under 29 U.S.C. § 1451, 28 U.S.C. §§ 2201-2202 (the Declaratory Judgment Act), and Federal Rule of Civil Procedure 57.

3. Venue is proper under 29 U.S.C. § 1451(d) because the Plan is administered in Clark County, Nevada.

## PARTIES

4. Plaintiffs are the Board of Trustees of the Electrical Workers Pension Trust (the "Trustees" or "Board of Trustees") and the Electrical Workers Pension Trust (the "Trust").

5. The Board of Trustees is made up of fiduciaries of the Plan for purposes of ERISA.

6. The Trust is an "employee benefit pension plan" as defined in 29 U.S.C. § 1002(2); and a "multiemployer plan" as defined in 29 U.S.C. §§ 1002(37) and 1301(a)(3).

7. Defendant, National Security Technologies, LLC ("NST"), is a foreign limited liability company and is an employer within the meaning of 29 U.S.C. § 1002(5)

## FACTUAL BACKGROUND

8. NST was a signatory to a collective bargaining agreement that required NST to make employee benefit contributions to the Plan.

9. In 2017, NST lost its bid to continue its contract with the Department of Energy and discontinued work at the Nevada National Security Site.

10. NST's lost bid resulted in it completely withdrawing from the Trust on December 1, 2017, as defined in 29 U.S.C. § 1383.

11. On January 23, 2020, the Trust sent a demand to NST for withdrawal liability in the amount of $2,512,483. Ex. 1 ("Withdrawal Liability Demand").

12. On April 21, 2020, NST submitted a request for review to the Trust. Ex. 2 ("NST's Request for Review")

13. The Trust provided a response to the request for review on October 29, 2020, reaffirming its initial assessment of withdrawal liability. Ex. 3 ("Response to Request for Review").

14. On December 17, 2020, NST untimely attempted to initiate arbitration, regarding the Trust's withdrawal liability assessment. *See* Ex. 4 (the "Demand for Arbitration").

15. On December 18, 2020, the undersigned counsel for the Trust emailed counsel for NST and explained that the arbitration was untimely. *See* Ex. 5 ( the "Humes Affidavit"), at 1 ¶ 5.

16. On December 21, 2020, counsel for NST, Richard Birmingham, and the undersigned counsel spoke on the phone regarding the untimely initiation of arbitration. *Id.* at 1 ¶ 6.

17. During the 16-minute phone conversation, Mr. Birmingham candidly admitted that: (1) NST's counsel, Jeff Belfiglio, very likely missed the deadline to arbitrate this dispute; (2) this missed deadline caused "issues professionally" for Mr. Belfiglio and Davis Wright Tremaine LLP ("DWT") (the law firm at which Mr. Birmingham and Mr. Belfiglio are employed); and (3) the missed deadline could require Mr. Belfiglio to make a disclosure to his firm's malpractice insurance carrier. *Id.* at 1 ¶¶ 8-9.

18. Mr. Birmingham's solution to the admitted failure to timely initiate arbitration was to ask the Trust to stay the untimely-initiated arbitration until NST and a separate ERISA pension trust concluded a different arbitration, as a way to avoid disclosure to DWT's malpractice carrier. *Id.* at 2 ¶ 12.

19. The undersigned counsel declined Mr. Birmingham's invitation to stay the untimely-arbitration, as the initiation of arbitration is invalid due to the missed deadline. Nothing can change this fact, and no justifiable reason existed to stay the action. *Id.* at 2 ¶ 13.

20. Given the dubious, and possibly fraudulent, scheme proposed by opposing counsel, the undersigned counsel drafted an affidavit the next day describing the phone call in detail, in an effort to protect himself and the Trust against any future possible malfeasance. *See* Ex. 5.

22370967.1        3

21. At no time during the 16-minute phone call did Mr. Birmingham reference an agreement between the Trust and NST wherein the Trust allegedly agreed that NST could initiate arbitration 60 days after the Trust sent the Response to Request for Review, whenever that might be and regardless of the strict timelines prescribed by MPPAA. The sole subject discussed was whether the Trust would be willing to stay NST's untimely initiated arbitration to avoid disclosure to opposing counsel's malpractice carrier.

22. Since NST's initiation of arbitration was admittedly untimely, the undersigned counsel requested that NST vacate the arbitration proceedings.

23. To date, NST has not vacated the arbitration proceedings, despite the Trust's request that it do so.

## SOLE CAUSE OF ACTION

### (Declaratory Judgment)

24. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 to 24 as though fully set forth herein.

25. This dispute is a case of actual controversy within this Court's jurisdiction.

26. The Trustees and the Trust seek a judicial determination that NST's attempted initiation of the arbitration proceeding was untimely, and seek a judicial determination that the Trust's withdrawal liability assessment is therefore immediately due and owing.

27. An employer that disputes a pension plan's withdrawal liability assessment must submit a request for review of the assessment to the pension plan within 90 days of the pension's plan assessment of withdrawal liability. *See* 29 U.S.C. 1399(b)(2).

28. After a request for review is submitted, a 60-day window to initiate arbitration opens on the *earlier of* either: (1) the date the pension plan responds to the request for review; or (2) 120 days after the request for review was made by the employer. *See* 29 U.S.C. 1401(a)(1).

29. If the employer fails to initiate arbitration within the time frame set by 29 U.S.C. 1401(a)(1), then "the amounts demanded by the plan sponsor under section 1399(b)(1) of this title shall be due and owing on the schedule set forth by the plan sponsor." 29 U.S.C § 1401(b)(1).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

22370967.1                              4

30. As alleged above, NST submitted its request for review on April 21, 2020.

31. As also alleged above, the Trust responded to NST's request for review on October 29, 2020.

32. Given those dates, the 60-day window to initiate arbitration opened on the *earlier of* either: (1) October 29, 2020 (when the Trust responded to NST's request for review), or (2) August 19, 2020 (120 days after NST submitted its request for review). 29 U.S.C. 1401(a)(1).

33. August 19, 2020, is earlier than October 29, 2020.

34. Therefore, the 60-day window to initiate arbitration opened on August 19, 2020.

35. As such, the deadline to initiate arbitration fell on October 18, 2020 (60 days from August 19, 2020).

36. As alleged above, NST did not attempt to initiate arbitration until December 17, 2020.

37. Given NST's failure to timely initiate arbitration, the withdrawal liability assessment is now due and owing on the schedule set by the Trust.

**WHEREFORE**, Plaintiffs pray for relief as follows:

1. For an order confirming that the Trust's withdrawal liability assessment of $2,512,483 is immediately due and owing on the schedule set by the Trust;

2. For an order confirming that any pending arbitration proceedings are untimely and therefore void;

3. For an order directing the American Arbitration Association to dismiss any pending arbitration proceedings related to this matter, as the initiation of such proceedings are untimely;

4. For attorney's fees and costs incurred herein; and

22370967.1                                    5

1    5.   For such other and further relief as the Court deems proper.

2   Dated: March 9, 2021.                 BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes
Adam P. Segal, Esq.
Nevada Bar No. 6120
Christopher M. Humes, Esq.
Nevada Bar No. 12782
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:  (702) 382-2101
Facsimile:    (702) 382-8135

Attorneys for Plaintiffs

22370967.1                                  6

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP and that on this March 9, 2021, I served a true copy of the foregoing **FIRST AMENDED COMPLAINT** upon:

Malani L. Kotchka, Esq.
520 South Fourth Street, Suite 320
Las Vegas, NV 89101-
Tel: 702-834-8777
Fax: 702-834-5262
Email: mlk@hmlawlv.com

Richard J. Birmingham, Esq. (*Pro Hac Vice*)
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: 206-757-8145
Fax: 206-757-7145
Email: richbirmingham@dwt.com

*Attorneys for Defendant*

[X]  a.  **BY CM/ECF System**

**I declare under penalty of perjury that the foregoing is true and correct.**

/s/ Ebony Davis
An Employee of Brownstein Hyatt Farber Schreck, LLP